**UNITED STATES OF AMERICA,**
Appellee,

v.

**Jose DeJesus ARRELLANO–GARCIA, Appellant.**

No. 02–3888.

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 2003.

Decided July 9, 2003.

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

PER CURIAM.

In June 1997, Jose Arrellano–Garcia was arrested for selling methamphetamine. After making an initial court appearance and posting bond, he failed to appear at a subsequent court hearing and fled to Mexi-

---

1. The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

co. In March 2002, Arrellano–Garcia was arrested while attempting to enter the United States from Mexico. He pleaded guilty to distributing methamphetamine. *See* U.S.C. §§ 841(a)(1) & 841(b)(1)(B) (2000). The District Court[1] sentenced him to forty-six months of imprisonment and three years of supervised release. On appeal, Arrellano–Garcia argues that the District Court clearly erred in enhancing his Guidelines range for obstructing justice. *See* U.S.S.G. § 3C1.1 (2002).

We conclude that the District Court did not clearly err in enhancing Arrellano–Garcia's sentence under section 3C1.1. *See* U.S.S.G. § 3C1.1, cmt. n. 4(e) (2002) (providing non-exhaustive list of conduct to which enhancement applies including "escaping ... from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding"); *United States v. Young,* 315 F.3d 911, 913 (8th Cir.2003) (noting standard of review), *cert. denied,* —— U.S. ——, 123 S.Ct. 2108, 155 L.Ed.2d 1081 (2003). Arrellano–Garcia's argument that his five-year flight delayed but did not impede the government's investigation into his case is without merit. By its own terms § 3C1.1 applies when a defendant obstructs or impedes, or attempts to obstruct or impede, the investigation, prosecution, or sentencing of an offense. *See* U.S.S.G. § 3C1.1; *United States v. Billingsley,* 160 F.3d 502, 506–507 (8th Cir.1998) (holding that obstruction-of-justice enhancement was warranted where defendant absconded after arrest but before indictment). In this case, the government was unable to complete its prosecution of Arrellano–Garcia's offense while he was a fugitive. *See United States v. Smith,* 62 F.3d 1073, 1079 (8th Cir.1995) (holding that obstruction-of-justice en-

hancement applied where facts indicated that defendant actively impeded arrest and resolution of her case when she fled after being questioned), *cert. denied,* 516 U.S. 1098, 116 S.Ct. 826, 133 L.Ed.2d 769 (1996).

Accordingly, we affirm the judgment of the District Court.

A true copy.

---

1. The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.